Peggy NICHOLSON, Appellant,

v.

ROMAN CATHOLIC ARCHDIOCESE OF ST. LOUIS, an unincorporated association, and Archbishop Raymond Burke, of the Archdiocese of St. Louis, MO, Respondents.

No. ED 93009.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 23, 2010.

Application for Transfer to Supreme Court Denied March 29, 2010.

Application for Transfer Denied June 29, 2010.

Marci A. Hamilton, Washington Crossing, PA, Patrick W. Noaker, Jeff Anderson & Associates, St. Paul, MN, Kenneth M. Chackes, M. Susan Carlson, Chackes, Carlson & Spritzer, LLP, St. Louis, MO, and Rebecca M. Randles, Randles, Mata & Brown, Kansas City, MO, for Appellant.

Edward M. Goldenhersh, Bernard C. Huger, Robert L. Duckels, Kirsten M. Ahmad, Greensfelder, Hemker & Gale, P.C., St. Louis, MO, for Respondents.

KURT S. ODENWALD, Presiding Judge.

### Introduction

Plaintiff Peggy Nicholson (Appellant) appeals the trial court's dismissal of certain negligence-based claims contained in her action filed against the Roman Catholic Archdiocese of St. Louis (Archdiocese) and Archbishop Raymond Burke (Archbishop). We affirm the trial court's dismissal.

### Facts and Procedural Background

Appellant alleges that from approximately 1953 through 1957, when she was approximately four to eight years of age, Father William Poepperling (Poepperling) sexually abused her. During the time of

the alleged abuse, Poepperling served as a Roman Catholic priest at Holy Guardian Angels Church in St. Louis, Missouri. Poepperling died on May 18, 1983.

Appellant filed this suit against the Archdiocese and Archbishop (Respondents) on August 25, 2005. Appellant alleged six counts, two of which she designated as being raised against Poepperling individually even though the petition did not specifically name the late Poepperling as a Defendant in the case caption. The six counts include: (I) Child Sexual Abuse and/or Battery—Defendant Poepperling; (II) Intentional Infliction of Emotional Distress—Defendants Archdiocese and Archbishop; (III) Intentional Infliction of Emotional Distress—Defendant Poepperling; (IV) Negligence—All Defendants; (V) Negligent Supervision, Retention, and Failure to Warn—Defendants Archdiocese and Archbishop; (VI) Intentional Failure to Supervise Clergy—Defendants Archdiocese and Archbishop.

As to counts IV and V (hereinafter referred to as "negligence-based counts"), Appellant alleged that Poepperling "was under the direct supervision, employ and control of" Respondents, and that "[a]ll acts of sexual abuse . . . took place during functions in which [ ] Poepperling had custody or control of [Appellant] in his role as a priest and authority figure." Appellant alleged that Respondents "reasonably should have known of [ ] Poepperling's dangerous and exploitive propensities." Appellant alleged that, despite such knowledge, Respondents failed to: (1) protect her from Poepperling's sexual abuse; (2)

remove Poepperling; (3) supervise Poepperling in his position of trust and authority as a Roman Catholic priest; or (4) provide adequate warning to her and her family of Poepperling's dangerous proclivities.

On March 25, 2008, Respondents filed a Motion to Dismiss Counts I, II, IV, and V. On September 30, the trial court entered an order granting Respondents' motion and dismissing those four counts.[1]

On October 3, 2008 Respondents filed a Motion for Summary Judgment with respect to Count VI. On April 9, 2009, the trial court entered an order and judgment granting Respondents' motion, and subsequently entered final judgment as to all six counts in Appellant's petition.

Appellant appeals to this Court only the trial court's dismissal of Counts IV, and VI, the negligence-based counts.[2]

*Trial Court's Dismissal of Negligence–Based Counts*

In dismissing Appellant's negligence claim (Count IV), the trial court, relying on *Gibson v. Brewer*, 952 S.W.2d 239 (Mo. banc 1997), explained that "Missouri simply does not recognize 'negligence actions' against religious organizations based on the sexual misconduct of clergy."

In dismissing Appellant's negligent supervision, retention, and failure to warn claim (Count V), the trial court, again relying on *Gibson*, explained that " 'adjudicating the reasonableness of a church's supervision of a cleric' requires inquiry into religious doctrine that is prohibited by the

1. The trial court also dismissed Appellant's Count III, even though Respondent's motion to dismiss did not discuss Count III.

2. Appellant's Notice of Appeal seeks appellate review of the trial court's Order granting summary judgment as to one count and of the trial court's Order dismissing the remaining

five counts. In her brief, Appellant affirmatively states that she is limiting her appeal to only the trial court's dismissal of Counts IV and V, the negligence-based counts. Appellant had abandoned her appeal as to Counts I, II, III, and VI.

First Amendment to the U.S. Constitution." (internal citation omitted). The trial court explained that the "same is true as to reasonableness of retention and claims of negligent failure to warn."

### Point on Appeal

In its sole point on appeal, Appellant contends that the trial court erred in dismissing her negligence-based counts pursuant to the Missouri Supreme Court's decision in *Gibson* because *Gibson* fails to comport with United States Supreme Court precedent.

### Discussion

This same issue was raised and fully addressed in the companion case of *Mary SN Doe v. Roman Catholic Archdiocese of St. Louis,* 311 S.W.3d 818 (Mo.App. E.D. 2010). Based on our analysis and decision in that case, we conclude that the trial court did not err in relying on *Gibson* to dismiss Appellant's negligence-based counts as a matter of law.

### Conclusion

The trial court's judgment is affirmed as it properly applied Gibson, a controlling decision of the Missouri Supreme Court.

GEORGE W. DRAPER III, J., and GARY M. GAERTNER, JR., J., Concur.